United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 27, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-11165

JOHN EULICH; VIRGINIA WALSH EULICH,

Plaintiffs-Appellants,

VERSUS

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(00-CV-587)

Before DAVIS, SMITH, AND DUHÉ, Circuit Judges.

PER CURIAM:[1]

John and Virginia Eulich are under investigation by the Internal Revenue Service for the tax years 1995, 1996, and 1997. As part of its investigation, the IRS issued formal document requests (FDRs) and summonses seeking documents relating to a Bahamian trust and various corporations controlled by the trust. The Eulichs ask this Court to reverse the district court order

---

[1] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

enforcing the summonses and FDRs, arguing that (1) the FDRs are facially defective and (2) the Eulichs have no control over the requested documents. We affirm the order as it applies to John Eulich and reverse as to Virginia Eulich.

In reviewing mixed questions of law and fact, this court reviews conclusions of law de novo and findings of fact for clear error. Payne v. United States, 289 F.3d 377, 381 (5th Cir. 2002). Fact findings are clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been made. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

The standards for enforcement of an FDR and a summons are similar, though not identical. See Chris-Marine USA, Inc. v. United States, 892 F. Supp. 1437, 1143 (M.D. Fla. 1995). For either, the IRS must establish that it has fulfilled the requirements set forth in United States v. Powell, 379 U.S. 48, 57-58 (1964), which include technical compliance with the applicable sections of the Code.

In the case of an FDR, the IRS must comply with the technical requirements of 26 U.S.C. § 982. Under § 982(c)(1)(D), the FDR must include a description of the consequences of failure to produce the documentation. Eulich contends that under § 982 and principles of due process, a specific definition of the "examined item" is necessary to the description of the consequences. Eulich asserts that the FDR fails in this regard because it describes the

2

"examined item" only in terms of the tax years under review.

Neither § 982 nor the cases cited at argument support the proposition that the FDR must provide a precise description of the examined item in order to inform the taxpayer of the consequences of noncompliance. The FDRs in the record reproduce the language of § 982 (a), stating clearly that failure to produce the documents covered by the FDR will result in their exclusion in future court proceedings. We conclude that the IRS complied with the requirements of Powell, including the technical requirements of § 982, which themselves provide the taxpayer due process, including a hearing.

Next the Eulichs argue that the district court erred in finding that they have custody or control of the requested documents. Virgina Eulich asserts, and the government concedes, that she is named in the FDRs and summonses only because she is married to John Eulich and because community property was used in establishing the trust. We are left with the firm conviction that the district court erred in finding that Virginia Eulich had control of the documents. Our review of the record reveals no clear error with respect to John Eulich; therefore, we will not disturb the finding that John Eulich has control of the documents.

We conclude that John Eulich's remaining arguments are without merit. We affirm the district court's order with regard to John Eulich, and reverse as to Virginia Eulich.

AFFIRMED in part, REVERSED in part.